UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SELECT REHABILITATION, LLC,**

      **Plaintiff,**

   v.

**ASTORIA PLACE OF COLUMBUS, LLC,** *et al.*,

      **Defendants.**

Case No. 2:19-cv-4947
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Select Rehabilitation, LLC's ("Plaintiff") Motion for Default Judgment Against Defendant Astoria Place of Columbus, LLC ("Defendant" or "Astoria") (ECF No. 37). Astoria has not opposed Plaintiff's motion. For the reasons below, the Court **GRANTS** Plaintiff's Motion for Default Judgment (ECF No. 37).

**I.**

Plaintiff filed this case against Astoria and Defendant Majestic Care of Columbus, LLC ("Majestic") on October 29, 2019. (Compl., ECF No. 1.) Plaintiff later filed a Second Amendment Complaint on February 14, 2020. (Sec. Amend. Compl., ECF No. 10.) Plaintiff's Second Amended Complaint asserts against Astoria claims for: (1) breach of contract; (2) unjust enrichment; (3) account stated; and (4) promissory estoppel. (Sec. Amend. Compl. ¶¶ 16–42.)

Plaintiff moved for, and obtained, an entry of default against Astoria when Astoria failed to answer or otherwise respond to Plaintiff's Second Amended Complaint. (Entry of Default, ECF No. 35.) Counsel for Astoria has indicated that Astoria will accept a default judgment against it. (*See* ECF No. 32.) As such, Plaintiff now requests that the Court grant default judgment against Astoria on all claims. (Mot. Default J., ECF No. 37.) Additionally, Plaintiff seeks a total award

1

of $131,662.16 plus statutory interest from the date of judgment until paid in full. (*Id.* at 2.) For support, Plaintiff submits the affidavits of Rebecca Shope (Plaintiff's counsel for this matter) and Joe Levy (Plaintiff's Controller). (*Id.* at Ex. A, Ex. B.)

Because of the default entry, the Court takes Plaintiff's allegations regarding Astoria's liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations below.

Astoria owned and operated a skilled nursing facility in Columbus, Ohio. (Sec. Amend. Compl. ¶5.) Beginning in May of 2015, Plaintiff provided "rehabilitation therapy services, including speech, physical and occupational therapy, for the residents and patients of Defendant Astoria's facility pursuant to the terms of a Therapy Services Agreement" ("the Agreement"). (*Id.* at ¶12.) Under the Agreement, Astoria agreed to pay Plaintiff for services rendered within 30 days of the date of Plaintiff's invoice. (*Id.* at ¶13.) Plaintiff performed its services under the Agreement in full and issued regularly monthly invoices to Astoria for the therapy services Plaintiff provided, but Astoria has failed to pay for the amounts due and owing. (*Id.* at ¶¶15, 23.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting

*Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

The Court finds that Plaintiff's Second Amended Complaint establishes liability in this case. The parties had a contract under which Astoria promised to pay Plaintiff for the therapy services Plaintiff provided. Relying on Astoria's promise to pay, Plaintiff provided these therapy services and fully performed its duty under the Agreement. Astoria has not paid. Astoria therefore breached the contract.

Plaintiff's well-plead allegations have established liability, but the company "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for

3

the damages specified in a default judgment.")). The Court finds that a hearing is not necessary in this case to determine damages. Rebecca Shope's and Joe Levy's affidavits sufficiently establish damages and thus do away with the need for a hearing.

The amount Plaintiff is owed for the services provided to Defendant under the Agreement is $123,415.16, exclusive of interest, and attorney's fees and costs. (Mot. Default J. at Ex. B, ¶13.) The Agreement provided that Plaintiff is also entitled to recover from Astoria all of Plaintiff's costs incurred in litigating this action, including reasonable attorneys' fees and expenses. (*Id.* at Ex. B, ¶12.) Plaintiff's attorneys' fees and costs incurred in connection with this action total $8,247.00. (*Id.* at Ex. A, ¶9). Thus, based on its motion and affidavits in support thereof, Plaintiff is due the following: (1) damages for unpaid invoices in the amount of $123,415.16; and (2) attorneys' fees and costs in the amount of $8,247.00.

Plaintiff also requests post-judgment interest.[1] (*See* Mot. Default J. at 2.) Due to Astoria's default and failure to respond, Plaintiff will likely be delayed in securing payment of the judgment. The Court finds that post-judgment interest is appropriate pursuant to 28 U.S.C. § 1961(a). *See Gillette Co. v. Save & Disc. LLC*, 2016 U.S. Dist. LEXIS 90925, at *11–12 (S.D. Ohio July 13, 2016). In calculating post-judgment interest, the weekly average rate of the 52-week Treasury Bill in the calendar week prior to the entry of judgment is an appropriate rate. 28 U.S.C. § 1961(a). The weekly average rate of the week beginning on October 19, 2020 was 0.13%.[2] Compounded annually, this yields $0.44 in interest per day.[3] Accordingly, Plaintiff is entitled to post-judgment interest from the date judgment is entered at a rate of $0.44 per day, until the judgment is paid.

---

[1] "In diversity cases in [the Sixth Circuit], federal law controls post judgment interest." *Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) (internal citations omitted).
[2] https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=billrates accessed on October 26, 2020.
[3] .0013/365 x $123,415.16 = $0.44

**III.**

For the reasons stated, Plaintiff's motion for default judgment against Defendant (ECF No. 37) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of the Plaintiff against Defendant Astoria Place of Columbus, LLC as follows:

(1) Astoria Place of Columbus, LLC shall pay damages for breach of contract in the amount of $123,415.16.

(2) Astoria Place of Columbus, LLC shall pay Plaintiff's costs, including reasonable attorneys' fees in the amount of $8,247.00.

(3) Astoria Place of Columbus, LLC shall pay interest on its damages award at an amount of $0.44 per day from the date this judgment is entered until the date the judgment is paid, pursuant to 28 U.S.C. § 1961(a).

**IT IS SO ORDERED**.

10/27/2020           s/Edmund A. Sargus, Jr.
**DATE**           **EDMUND A. SARGUS, JR.**
         **UNITED STATES DISTRICT JUDGE**